IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) ) Chapter 7 ) |
| JETDIRECT AVIATION, LLC, | ) Case No. 09-11511 (PJW) ) |
| Debtor. | ) *Proposed* Objection Deadline: May 24, 2011 at 4:00 p.m. ) *Proposed* Hearing Date: May 26, 2011 at 2:00 p.m. |

**UNOPPOSED MOTION FOR ENTRY OF ORDER GRANTING
RELIEF FROM THE AUTOMATIC STAY AND AUTHORIZING
TRUSTEE TO EXECUTE ASSIGNMENT OF LIEN**

Sea Pioneer Shipping Corporation ("SPSC"), by and through its undersigned counsel, hereby moves the Court for entry of an Order authorizing the Trustee to execute lien release documents to effectuate a pre-petition transfer and release of lien. Alfred T. Giuliano, as trustee ("Trustee") for the estate of JetDirect Aviation, Inc. (the "Debtor"), Sovereign Bank, N.A. ("Sovereign") and Wayfarer Aviation, Inc. ("Wayfarer"), the only parties in interest to this particular matter, have consented to the requested relief. In support of this Motion, SPSC respectfully states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief sought herein include: 11 U.S.C. §§ 362(d) and 105; Fed.R.Bankr.P 4001(a); and Local Rule 4001-1.

4846-1976-3463.4

**Factual Background**

3. On November 1, 2007, SPSC and The Air Group, Inc. ("Air Group") entered into a management agreement (the "Management Agreement") regarding a Gulfstream GV aircraft (N707GW, MSN 629) (the "Aircraft").

4. Subsequently, a dispute arose between Air Group and SPSC. In April 2008, Air Group filed two claims of lien against the Aircraft (the "Claims of Lien") with the Federal Aviation Administration. True and correct copies of the Claims of Lien are attached as Composite Exhibit A. SPSC and Air Group resolved their differences, and SPSC satisfied Air Group's claims. Air Group stated that it would release the Claims of Lien with the FAA.

5. Prior to executing any release of the Claims of Lien, Air Group merged into the Debtor.

6. The Debtor subsequently experienced financial difficulties. On March 18, 2009, the Debtor executed a relinquishment letter in favor of Sovereign Bank (the "Relinquishment Letter"); a true and correct copy of which is attached as Exhibit B. Pursuant to the Relinquishment Letter, the Debtor abandoned its assets (the "JD Assets") to Sovereign Bank – including but not limited to the Management Agreement, and any rights under the Claims of Lien. The Relinquishment Letter does not, however, refer to the Claims of Lien specifically by FAA recording information and does not identify the debtor name, date, or Aircraft serial or tail number associated with the Claims of Lien.

7. On April 17, 2009, Sovereign Bank sold the JD Assets (again, including the Management Agreement and any remaining rights under the Claims of Lien) to Wayfarer Aviation, Inc. ("Wayfarer"). The assignment is evidenced by a bill of sale from Sovereign to Wayfarer dated April 17, 2009, a true and correct copy of which is attached as Exhibit C. Again,

as with the Relinquishment Letter, the Bill of Sale does not refer to the Management Agreement or Claims of Lien specifically by FAA recording information, and does not identify the debtor name, date, or Aircraft serial or tail number associated with the Claims of Lien. Since that sale, both SPSC and Wayfarer treated Wayfarer as a valid assignee of the Management Agreement.

8. On May 1, 2009, the Debtor filed a petition for protection under Chapter 7 of the Bankruptcy Code. On or about May 5, 2009, Alfred T. Giuliano was appointed as Chapter 7 Trustee.

9. SPSC has entered into an agreement to sell the Aircraft. Unfortunately, as a result of Air Group's failure to file appropriate releases of the Claims of Lien, a dispute has arisen as to whether SPSC can convey clean title to the Aircraft.

10. SPSC has approached both Sovereign and Wayfarer in an attempt to resolve the situation, and both have been cooperative. Wayfarer admits that the Claims of lien should have been released (see the email attached as Exhibit D), and as assignee has submitted releases of the Claims of Lien to the FAA; true and correct copies of those releases are attached as Exhibit E. Both Wayfarer and Sovereign have consented to the requested relief for the purposes set forth herein; see the Acknowledgement and Consents attached hereto as Composite Exhibit F.

11. Unfortunately, the efforts of SPSC, Sovereign, and Wayfarer have been unavailing. The FAA will not remove or terminate the Claims of Lien without the written request of the Debtor or the Trustee. *See* Federal Aviation Regulation 19.17(3)( FAA will not use independent judgment to determine the validity of any interest that affects title to an aircraft, and therefore will not remove any lien from FAA records even if such lien is invalid or has been extinguished).

12. Pursuant to FAR 49.17(5), Air Group – and, as successor, the Trustee – is obligated to release the Claims of Lien upon the Aircraft due to the payment by SPSC of the underlying claim. FAR 49.17(5)("[i]mmediately after a debt secured by a conveyance given for security purposes has been satisfied, or *any of the encumbered aircraft have been released from the conveyance*, the holder shall execute a release on AC Form 8050-41, Part II--Release...and shall send it to the FAA Aircraft Registry for recording).

13. Due to the various assignments which have taken place, however, and to avoid any future questions regarding title to the Aircraft, SPSC has proposed, at the FAA's suggestion, that the Trustee execute an assignment and disclaimer of any interest in the Claims of Lien to Sovereign Bank in substantially the form attached hereto as Exhibit G; and that Sovereign Bank execute an assignment and disclaimer of any interest in the Claims of Lien to Wayfarer in substantially the form attached hereto as Exhibit H.

14. The Trustee's liens upon the Aircraft have been satisfied, were assigned, and are without value. Federal law obligates the Trustee to effect a release of the Claims of Lien upon the Aircraft. Accordingly, SPSC requests the Court enter an order granting this Joint Motion and authorizing the Trustee to execute the Assignment of Interest in the form attached hereto as Exhibit G.

WHEREFORE, SPSC respectfully requests that the Court enter its Order in the form attached hereto as Exhibit I authorizing and directing the Trustee to execute the Assignment of Interest as prepared by SPSC, and sufficient in form and content to assign any interest the Estate may have in the Claims of Lien to Sovereign Bank, and granting such other and further relief as the Court deems just and fit.

Dated:  May 20, 2011
       Wilmington, Delaware

Respectfully submitted,

__/s/ Kevin J. Mangan_____
Francis A. Monaco, Jr. (#2078)
Kevin J. Mangan (#3810)
Womble Carlyle Sandridge & Rice PLLC
222 Delaware Avenue, Ste. 1501
Wilmington, DE 19801
T:  (302) 252-4320
F:  (302) 252-4330
fmonaco@wcsr.com
kmangan@wcsr.com

-and-

Jeffrey T. Kucera
K&L Gates
Southeast Financial Center
200 South Biscayne Blvd.
Suite 3900
Miami, FL 33131
T:  (305) 539-3322
F:  (305) 358-7095
Jeffrey.kucera@klgates.com

*Counsel for Sea Pioneer Shipping Corporation*

# EXHIBIT I

**Proposed Order**

4846-1976-3463.4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 7 |
| JETDIRECT AVIATION, LLC, et al., | ) Case No. 09-11511 (PJW) |
| Debtors. | ) Re: Docket No. ___ |

**ORDER GRANTING UNOPPOSED MOTION FOR ENTRY OF ORDER
GRANTING RELIEF FROM THE AUTOMATIC STAY AND
AUTHORIZING TRUSTEE TO EXECUTE ASSIGNMENT OF LIEN**

This matter coming before the Court on the Unopposed Motion of Sea Pioneer Shipping Corporation ("SPSC") for an order granting SPSC's Unopposed Motion for Entry of Order Granting Relief from the Automatic Stay and Authorizing Trustee to Execute Assignment of Lien dated [_____], 2011 (the "Motion"); the Court having reviewed the Motion; the Court finding that: (i) service and notice of the Motion and hearing was sufficient under the circumstances; and (ii) the relief requested in the Motion is in the best interest of the Debtor, its estate, its creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion shall be, and hereby is, GRANTED.

2. Capitalized terms appearing herein not otherwise defined shall have the meanings given to them in the Motion.

3. The Trustee is hereby authorized and directed to execute the Assignment of Lien in the form and content attached hereto as Exhibit A to assign to Sovereign the following

claims of lien: (i) Claim of Lien dated April 17, 2008 filed with the FAA on June 16, 2008, recorded by the FAA on July 24, 2008 and assigned FAA conveyance no. SS000616 in respect of that certain Gulfstream G-V aircraft bearing manufacturer's serial no. 629 and current U.S. registration marking N707GW (the "Aircraft"), and (ii) Claim of Lien dated April 22, 2008 filed with the FAA on June 16, 2008, recorded by the FAA on July 24, 2008 and assigned FAA conveyance no. SS000617 in respect of the Aircraft, and SPSC is authorized to file the assignment with the FAA.

4. All objections or other responses to the Motion that have not been withdrawn, waived, or settled, and all reservation of rights included therein, are specifically overruled or denied on the merits.

5. The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order

Dated: [_____] ___, 2010
       Wilmington, Delaware

                                     THE HONORABLE
                                     UNITED STATES BANKRUPTCY JUDGE