## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | )<br>)    **Chapter 7**<br>) |
| **JETDIRECT AVIATION, LLC, et al.,** | )    **Case No. 09-11511 (PJW)**<br>) |
| Debtors. | )<br>)    Re:  Docket Nos. 60<br>) |

### ORDER GRANTING UNOPPOSED MOTION FOR ENTRY OF ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND AUTHORIZING TRUSTEE TO EXECUTE ASSIGNMENT OF LIEN

This matter coming before the Court on the Unopposed Motion of Sea Pioneer Shipping Corporation ("SPSC") for an order granting SPSC's Unopposed Motion for Entry of Order Granting Relief from the Automatic Stay and Authorizing Trustee to Execute Assignment of Lien dated May 20, 2011 (the "Motion"); the Court having reviewed the Motion; the Court finding that: (i) service and notice of the Motion and hearing was sufficient under the circumstances; and (ii) the relief requested in the Motion is in the best interest of the Debtor, its estate, its creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

### IT IS HEREBY ORDERED THAT:

1.  The Motion shall be, and hereby is, GRANTED.

2.  Capitalized terms appearing herein not otherwise defined shall have the meanings given to them in the Motion.

3.  The Trustee is hereby authorized and directed to execute the Assignment of Lien in the form and content attached hereto as Exhibit A to assign to Sovereign the following

claims of lien: (i) Claim of Lien dated April 17, 2008 filed with the FAA on June 16, 2008, recorded by the FAA on July 24, 2008 and assigned FAA conveyance no. SS000616 in respect of that certain Gulfstream G-V aircraft bearing manufacturer's serial no. 629 and current U.S. registration marking N707GW (the "Aircraft"), and (ii) Claim of Lien dated April 22, 2008 filed with the FAA on June 16, 2008, recorded by the FAA on July 24, 2008 and assigned FAA conveyance no. SS000617 in respect of the Aircraft, and SPSC is authorized to file the assignment with the FAA.

   4.  All objections or other responses to the Motion that have not been withdrawn, waived, or settled, and all reservation of rights included therein, are specifically overruled or denied on the merits.

   5.  The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order

Dated: May ___, 2011
   Wilmington, Delaware

          _____
          THE HONORABLE PETER J. WALSH
          UNITED STATES BANKRUPTCY JUDGE

4846-1976-3463.4
WCSR 4627025v1

**EXHIBIT "A"**

## ASSIGNMENT OF CLAIMS OF LIEN

**THIS ASSIGNMENT OF CLAIMS OF LIEN** (this "Assignment") is dated effective as of _____, 2011 (the "Effective Date") from ALFRED T. GIULIANO, IN HIS CAPACITY AS TRUSTEE FOR THE ESTATE OF JETDIRECT AVIATION, INC. (the "Assignor") in favor of SOVEREIGN BANK, NA (the "Assignee").

## RECITALS:

**WHEREAS**, Assignor, as successor in interest to The Air Group, Inc., is the owner and holder of all right, title and interest in and to the following claims of lien registered with the Federal Aviation Administration (the "FAA") against that certain Gulfstream Aerospace G-V aircraft bearing manufacturer's serial no. 629 and current U.S. registration marking N707GW (the "Aircraft"): (i) Claim of Lien dated April 17, 2008 and recorded by the FAA on July 24, 2008 and assigned conveyance no. SS000616; and (ii) Claim of Lien dated April 22, 2008 and recorded by the FAA on July 24, 2008 and assigned conveyance no. SS000617 (collectively, the "Claims of Lien"); and

**WHEREAS**, Assignor desires to assign to Assignee all of Assignor's right, title and interest in and to the Claims of Lien, subject to the terms and conditions of this Assignment; and

**NOW THEREFORE**, in consideration of the foregoing and the promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby conclusively acknowledged, the Assignor agrees as follows:

1.    **Recitals**.  All of the above recitals are true and correct in every respect and are incorporated herein and made a part hereof.

2.    **Assignment**.  Assignor hereby absolutely, unconditionally and irrevocably sells, grants, transfers and assigns to Assignee all of Assignor's right, title and interest in and to the Claims of Lien. This assignment and assumption shall be binding upon Assignor and its successors and/or assigns.

3.    **Disclaimer of Interest**.  Assignor hereby disclaims any and all right, title and interest in and to the Aircraft evidenced in the FAA Aircraft Registry by virtue of the Claims of Lien (or either of them).

4.    **Complete Agreement; No Other Consideration**. This Assignment and the other documents referenced herein contain the final, complete, and exclusive expression of the understanding of the parties hereto with respect to the specific matters contained herein, and they supersede any prior negotiations or any prior or contemporaneous agreement or representation, oral or written, express or implied, by or between the parties related to the specific subject matter hereof.

5.    **Cooperation, Further Assurances**. Assignor agrees to execute whatever further documents and to provide whatever further assurances Assignee may reasonably request or deem necessary to effectuate the terms of this Assignment.

6.    **Headings**. The headings preceding the text of the paragraphs of this Assignment have been inserted solely for convenience of reference and shall neither constitute a part of this Assignment nor affect its meaning, interpretation, or effect.

**IN WITNESS WHEREOF**, Assignor has executed this Assignment as of the day and year first above written.

ALFRED T. GIULIANO, IN HIS CAPACITY AS TRUSTEE FOR THE ESTATE OF JETDIRECT AVIATION, INC.

_____

Alfred T. Giuliano, Trustee

- 2 -